MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

RICHARD CHENG (CABN 135992)
Assistant United States Attorney

    450 Golden Gate Ave., Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    e-mail: richard.cheng@usdoj.gov

Attorneys for Plaintiff

**Filed**

JUL 17 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SALVADOR ESPINOZA-PATINO, <br> a/k/a "Chava" <br> a/k/a "Salvador" <br> a/k/a "Primito," <br> et. al. <br><br> Defendants. | No. CR-12-0833-LHK <br><br> STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL DISCOVERY |

    Plaintiff, by and through its attorney of record, and the defendants, by and through their attorneys of record, hereby stipulate and ask the Court to find as follows:

    1.    A federal grand jury in the Northern District of California has returned a four-count indictment charging 8 individuals with conspiracy to possess with the intent to distribute and to distribute methamphetamine, distribution of methamphetamine and conspiracy to commit money laundering.

    2.    The United States believes that the proposed protective order is necessary to

STIPULATION AND [~~PROPOSED~~] ORDER
CR-12-0833-LHK

preclude some discovery materials, which may contain the identities of potential witnesses and/or cooperating witnesses or information from which those identities may be discovered, from being disseminated among members of the public and to the defendant. Specifically, the government believes that the proposed protective order will greatly reduce the possibility that individuals will misuse discovery materials to identify, intimidate, and/or harm witnesses and/or defendants.

    3.    Defendants and their counsel deny that any person would be endangered by the defendants' possession of any discovery material in this matter. The parties agree that no inference should be drawn about the defendants' dangerousness because of their agreement to enter into this stipulation and be subject to the protective order.

    4.    The parties agree that the following conditions, if ordered by the Court, should serve the government's interest in protecting witnesses, defendants, and other members of the community and reduce the risk of retribution against cooperating witnesses by precluding the circulation of these documents and digital media (e.g., CD-ROMs, DVDs, and digital photographs) throughout the prison system and the community, while permitting the defense to obtain discovery required by Federal Rule of Criminal Procedure 16 and the United States Constitution. Accordingly, the parties jointly request that the Court order as follows:

    a.    For purposes of this Order, the term "defense team" refers to: (1) the counsel of record for each defendant; (2) defense investigators assisting said counsel with this case; (3) employees of said counsel's law office; and (4) any expert witnesses who may be retained or appointed by said counsel. For purposes of this Order, the term "defense team" does not include the defendant.

    b.    The government is authorized to provide the defense team with discovery required by F.R.Cr.P. 16 and may, in its discretion, designate any discovery produced as "Confidential Discovery" to be governed by the terms of this protective order. The government may designate discovery as confidential by marking such discovery as "CONFIDENTIAL" and shall produce such discovery on a document, CD, or DVD marked "WARNING: CONTENTS SUBJECT TO PROTECTIVE ORDER. UNAUTHORIZED COPYING OR VIEWING IS SUBJECT TO PUNISHMENT AS CONTEMPT OF COURT."

STIPULATION AND [PROPOSED] ORDER
CR-12-0833-LHK

c.   The defense team shall not permit anyone, <u>including the defendants</u>, to have possession of Confidential Discovery pursuant to this Order other than the defense team.

d.   The defense team shall not discuss the contents of any Confidential Discovery provided pursuant to this Order with anyone other than the defendant. A defense team member may show Confidential Discovery to the defendant or a potential witness only in the physical presence of a defense team member, and may not permit the defendant or the potential witness to have physical possession of the Confidential Discovery.

e.   The defense team shall not permit Confidential Discovery provided pursuant to this Order to be outside of the defense team's offices, homes, vehicles, or personal control. The defense team may take Confidential Discovery into a custodial facility to show it to the defendant, but, as explained above, the defense team must maintain physical possession of the Confidential Discovery and may not allow the defendant to have physical possession of the Confidential Discovery.

f.   In the event that one of the parties files a pleading that references or contains Confidential Discovery or information therefrom, that filing must be made under seal.

g.   The defense team shall return all Confidential Discovery provided pursuant to this Order to the government fourteen calendar days after any one of the following events, whichever occurs latest in time: dismissal of all charges against the defendant; the defendant's acquittal by court or jury; the conclusion of any direct appeal; the expiration of the time period for filing a motion pursuant to 28 U.S.C. § 2255; or the district court's ruling on any motion filed pursuant to 28 U.S.C. § 2255. In the event that the defense team has made notes or marks on the Confidential Discovery constituting work product the defense team shall return the materials to the government in a sealed container labeled "WORK PRODUCT-DESTROY."

//
//
//
//
//

STIPULATION AND [~~PROPOSED~~] ORDER
CR-12-0833-LHK

h.  After return of the materials, the government may destroy the Confidential Discovery.

IT IS SO STIPULATED.

DATED: 7/12/2013

Respectfully submitted,

MELINDA HAAG
United States Attorney

_____
PATRICK AGUIRRE, ESQ.
Counsel for Salvador Jorge Alicandro Fernandez

_____
RICHARD CHENG
Assistant United States Attorney

SO ORDERED.

DATED: 7/17/13

_____
HON. LUCY H. KOH
United States District Judge

STIPULATION AND [~~PROPOSED~~] ORDER
CR-12-0833-LHK