UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SALVADOR ESPINOZA-PATINO, <br><br> Defendant. | Case No. 12-CR-00833-LHK-1 <br><br> **ORDER DENYING COMPASSIONATE RELEASE** <br><br> Dkt. No. 437 |

Defendant Salvador Espinoza-Patino ("Defendant") is currently in the custody of the Bureau of Prisons ("BOP") and incarcerated at the Federal Correctional Institution Oakdale II, which is part of the Oakdale Federal Correctional Complex. Defendant moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), also known as compassionate release. ECF No. 437. The government opposes the motion. ECF No. 439. The United States Probation Office rejected Defendant's release plan. ECF No. 445. For the reasons set forth below, the Court DENIES Defendant's motion.

**I.   LEGAL STANDARD**

18 U.S.C. § 3582(c) allows a court to modify a defendant's "term of imprisonment . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." A

defendant may bring a § 3582(c) motion after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion on his behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The statute governing motions for sentence reductions, 18 U.S.C. § 3581(c)(1)(A), requires that courts "consider[] the factors set forth in section 3553(a)." Those factors include, among other things, the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed medical care in the most effective manner; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

"[A]fter considering the factors set forth in § 3553(a) to the extent applicable," a court may grant the motion to reduce the defendant's sentence in two circumstances. As relevant here, a court may reduce a defendant's sentence if it finds "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A). The relevant Sentencing Commission policy statement enumerates several "extraordinary and compelling reasons." U.S. Sentencing Guidelines ("U.S.S.G") § 1B1.13(1)(A) & cmt. 1. A defendant fulfills one of the enumerated reasons when the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id*. § 1B1.13 cmt. 1(A)(ii). The Commission also requires that the defendant not pose a danger to the safety of the community. *Id*. § 1B1.13(2).

## II. DISCUSSION

In analyzing whether a defendant is entitled to compassionate release under 18 U.S.C.

§ 3582(c)(1)(A)(i), courts determine whether a defendant has satisfied three requirements. First, a defendant must exhaust his administrative remedies. Second, a defendant must establish that the § 3553(a) sentencing factors "are consistent with" granting a motion for compassionate release. *United States v. Trent*, 2020 WL 1812242, at *2 (N.D. Cal. Apr. 9, 2020). Third, a defendant must demonstrate that "extraordinary and compelling reasons"—as defined by the applicable Sentencing Commission policy statement—"warrant . . . a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

Here, the government concedes that Defendant has exhausted his administrative remedies and therefore satisfies the first requirement under Section 3582. ECF No. 439 at 5. Thus, only the second two requirements are at issue in the instant case.

### A. Defendant fails to demonstrate extraordinary and compelling reasons justifying compassionate release.

At the time of Defendant's sentencing on May 15, 2015, Defendant was 32 years old. Amended Presentence Investigation Report ("PSR") ¶ 93, ECF No. 293. Defendant reported in his PSR that he suffered from high blood pressure and pain in his back, but was otherwise in good health. *Id.*

Defendant's current age of 37 does not place him in a high-risk age group for severe COVID-19 illness, and Defendant does not contend otherwise. ECF No. 437. In fact, the Centers for Disease Control ("CDC") state that the risk of getting severely ill from COVID-19 increases with age: "For example, people in their 50s are at higher risk for severe illness than people in their 40s. Similarly, people in their 60s or 70s are, in general, at higher risk for severe illness than people in their 50s. The greatest risk for severe illness from COVID-19 is among those aged 85 or older." *See Older Adults*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited April 2, 2021). Indeed, "8 out of 10 COVID-19-related deaths reported in the United States have been in adults 65 years old and older." *Id.*

Defendant instead contends that his chronic lower back pain, ankylosing spondylosis, and "possible mid-vertebral compression deformity T11" place him at higher risk of being infected

with COVID-19. ECF No. 437 at 2. However, none of these conditions are identified by the CDC as medical conditions which increase or may increase a person's risk of severe illness from COVID-19. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited April 2, 2021).

In support of his motion, Defendant cites a decision from the Southern District of Mississippi in which the Honorable Carlton W. Reeves granted compassionate release to a defendant being housed at Federal Correctional Institution Oakdale I, which is part of the Oakdale Federal Correctional Complex. ECF No. 437 at 3-4; *see United States v. Kelly*, No. 3:13-CR-59-CWR-LRA-2, 2020 WL 2104241 (S.D. Miss. May 1, 2020). However, in the *Kelly* decision, the defendant was granted release less than three weeks before his projected release date. *Id.* at *8.

By contrast, Defendant moves for compassionate release over eleven years before his projected release date of August 16, 2032. *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited April 5, 2021). Furthermore, the *Kelly* decision is dated May 1, 2020, long before the COVID-19 vaccine was available and being widely administered at the Oakdale Federal Correctional Complex, where Defendant is housed. Specifically, the Oakdale Federal Correctional Complex is currently administering the COVID-19 vaccine to willing staff members and inmates. *See* https://www.bop.gov/coronavirus (last visited April 5, 2021). As of the date of this order, 119 staff members and 516 inmates at the Oakdale Federal Correctional Complex have completed their full COVID-19 inoculations. *Id.*

Defendant, who is 37 years old and is housed at a BOP facility that is widely administering the COVID-19 vaccine, has failed to demonstrate extraordinary and compelling reasons justifying compassionate release.

**B. The Section 3553(a) factors do not warrant sentence reduction in the instant case.**

The Court also denies Defendant's motion for compassionate release for another independent reason: "the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A). Those factors include, among other things, the nature and circumstances of the offense and the history

and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed medical care in the most effective manner; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

On October 28, 2014, Defendant pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii); two counts of conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(2)(B)(i); and two counts of distribution of methamphetamine and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), and 18 U.S.C. § 2. *See* Minute Entry from Change of Plea Hearing, ECF No. 211; Joint Statement of Factual Basis Pursuant to Court Order, ECF No. 209; Second Superseding Indictment, ECF No. 81.

Defendant's criminal conduct was extremely serious. Defendant was responsible for approximately 317 kilograms (700 pounds) of methamphetamine. PSR ¶ 61. Defendant held a leadership role in a drug trafficking organization that imported its methamphetamine directly from, and received direction from, the Knights Templar Cartel in Mexico. *Id*. ¶¶ 8, 13. Defendant's drug trafficking organization distributed large quantities of methamphetamine throughout California as well as into Georgia and Canada. *Id*. ¶ 12. In addition to processing the methamphetamine from Mexico into crystal form, Defendant maintained three "stash" houses for the processing and storage of methamphetamine and was one of only two individuals in the organization to hold keys to the "stash" houses. *Id*. ¶¶ 15, 37, 44. Defendant possessed multiple firearms to further the manufacturing and distribution of methamphetamine. ECF No. 210 at 15. At the time of Defendant's sentencing, the instant case was one of the largest seizures of methamphetamine ever in the United States, with over 700 pounds of crystal methamphetamine, over $160,000 in U.S. currency, 10 firearms, and seven automobiles seized. PSR ¶ 12.

Assuming Defendant qualifies for good time credits, Defendant's projected release date is August 16, 2032, over eleven years from now. *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited April 5, 2021). The Third and Fifth Circuits have held that district courts may consider the length of time remaining on a defendant's sentence when determining whether to grant compassionate release. *See United States v. Pawlowski*, 967 F.3d 327, 330-31 (3d Cir. 2020) (holding that a district court did not abuse its discretion in denying compassionate release based on the defendant's having served only 19 months of a 180 month sentence); *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020) (holding that a district court did not abuse its discretion in denying compassionate release based, in part, on the defendant's having served only 14 years of a 30 year sentence). Moreover, United States District Judge Jon Tigar of the Northern District of California concluded that permitting compassionate release for a defendant who "has served only roughly 20 percent of his sentence . . . would not satisfy 'the need for the sentence imposed to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offense.' Nor would it 'afford adequate deterrence to criminal conduct' or adequately 'protect the public from further crimes of the defendant.'" *United States v. Furaha*, 445 F. Supp. 3d 99, 103 (N.D. Cal. 2020) (citation omitted) (original ellipses omitted) (quoting 18 U.S.C. § 3553(a)(2)(A)-(C)). United States District Judge Richard Seeborg of the Northern District of California has likewise held that, "[t]he length of the sentence remaining is an additional factor to consider in any compassionate release analysis," with a longer remaining sentence weighing against granting any such motion. *Connell*, 2020 WL 2315858, at *6 (N.D. Cal. May 8, 2020); ECF No. 779 at 8.

Given the seriousness of Defendant's criminal conduct and the fact that Defendant has over eleven years remaining on his sentence, the Court finds that granting Defendant's motion for compassionate release would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct as required by 18 U.S.C. § 3553(a).

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion for compassionate release.

**IT IS SO ORDERED.**

Dated: April 6, 2021

*Lucy H. Koh*
LUCY H. KOH
United States District Judge