# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　v.<br>ESPINOZA-PATINO,<br>　　　　Defendant. | Case No. 12-cr-00833-BLF-1<br><br>**ORDER DENYING MOTION FOR REDUCTION IN SENTENCE**<br><br>[Re: ECF No. 462] |

Before the Court is Pro Se Defendant Salvador Espinoza-Patino's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and the retroactive amendment made to U.S.S.G. 4A1.1(d) ("Amendment 821"). *See* ECF No. 462. The United States Probation Office issued a Sentence Reduction Investigation Report ("SRIR") stating that Defendant does not qualify for a reduction. ECF No. 471. The Government filed a brief opposing a reduction in sentence. ECF No. 476. The Court invited Defendant to file an optional reply, ECF No. 469, and no reply has been filed. Defendant is in the custody of the Bureau of Prisons at FCI Oakdale II with an anticipated release date of September 26, 2032.

For the reasons stated below, the Court DENIES the motion.

## I.　BACKGROUND

Defendant was the leader of a drug trafficking organization ("DTO") involved in methamphetamine trafficking in California, Georgia, and Canada. ECF No. 293 ("PSR") ¶ 12. The DEA operation to investigate and arrest the participants in the DTO resulted in one of the largest seizures of methamphetamine in the United States—over 700 pounds of crystal methamphetamine with a street value of over $6,000,000, over $160,000 in U.S. currency, 10 firearms, and 7 automobiles were seized. *See id.* On February 28, 2013, Defendant was charged

in a six-count superseding indictment and was named in Counts 1, 2, 3, 5, and 6. *Id.* ¶ 3. On October 27, 2014, Defendant pled guilty to all charged counts without a plea agreement. *Id.* ¶¶ 4–5.

Defendant's base offense level was 44, pursuant to U.S.S.G. § 2S1.1. PSR ¶ 67. Defendant received a two-point enhancement under U.S.S.G. § 2S1.1(b)(2)(B) and a four-point enhancement under U.S.S.G. § 3B1.1(a) for being an organizer or leader of criminal activity involving five or more participants. PSR ¶¶ 67, 70. After a three-point reduction for acceptance of responsibility, Defendant's total offense level was 47. *Id.* ¶ 76. Pursuant to the Sentencing Guidelines, this offense level was treated as an offense level of 43. *Id.* Defendant had no prior criminal history, which resulted in a criminal history score of 0 and a criminal history category of I. *Id.* ¶ 80. The guideline range for an offense level of 43 and criminal history category of I is life imprisonment. *Id.* ¶ 102. On May 15, 2015, the Court sentenced Defendant to a custodial term of 276 months followed by a term of 5 years of supervised release. ECF No. 295.

## II. LEGAL STANDARD

If a defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, . . . the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Supreme Court has established a two-step approach for determining whether a sentencing reduction may be granted under § 3582(c)(2). *See Dillon v. United States*, 560 U.S. 817, 827 (2010). First, the Court must follow the Commission's instructions in U.S.S.G. § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. *Id.* Under § 1B1.10, the Court must determine the amended guidelines range that would have been applicable had the relevant amendment been in effect at the time of the initial sentencing. *Id.* Section 1B1.10 limits any reduction in sentence such that the Court may not reduce a sentence to a term "less than the

minimum of the amended guideline range."[1] U.S.S.G. § 1B1.10(b)(2)(A). At the second step, the Court considers the appliable § 3553(a) factors. *Id.*

Amendment 821 to the Sentencing Guidelines became effective on November 1, 2023 and Parts A and B may be applied retroactively. *See* U.S.S.G. § 1B1.10(a)(1), (d). Part B of Amendment 821 added a provision to the Sentencing Guidelines that provides for a 2-level reduction to a defendant's offense level for certain defendants that meet all of the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848;

U.S.S.G. § 4C1.1(a) (Nov. 1, 2023).

**III.   DISCUSSION**

Defendant argues only that the Court should grant a sentence reduction under Part B of Amendment 821. ECF No. 462 at 4. However, the Court finds that Defendant does not qualify under Part B. A defendant is ineligible for a reduction under Part B if the defendant "receive[d] an adjustment under § 3B1.1 (Aggravating Role)." U.S.S.G. § 4C1.1(a)(10). Here, Defendant

---

[1] This limitation has one exception that is not applicable here: where the Court originally imposed a sentence below the guidelines range "pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range . . . may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B).

received an adjustment under § 3B1.1.  PSR ¶ 70.  Moreover, even if Defendant was eligible for a two-level reduction to his offense level under Part B, the Court could not reduce Defendant's sentence.  A two-level reduction in Defendant's offense level would make his offense level 45, which is treated as level 43 and has a guideline range of life imprisonment.  *See id.* ¶ 76.  Defendant's sentence of 276 months is already below the minimum of the amended guideline range, so the applicable law does not permit the Court to reduce Defendant's sentence.  *See Dillon*, 560 U.S. at 827; U.S.S.G. § 1B1.10(b)(2)(A).  Thus, the Court finds no basis to reduce Defendant's sentence under Part B of Amendment 821, and Defendant's motion is DENIED.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion for a reduction in sentence under Amendment 821 (ECF No. 462) is DENIED.

Dated:  April 22, 2024

_____
BETH LABSON FREEMAN
United States District Judge